UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEAN JONES, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| Plaintiffs | * | **NO. 2:19-cv-10506** |
| | * | |
| **VERSUS** | * | **JUDGE: SARAH S. VANCE** |
| | * | |
| **MARLIN GUSMAN, ET AL.** | * | **MAG. DANA M. DOUGLAS** |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes defendant, WellPath, LLC, (formerly known as Correct Care Solutions, LLC, ("CCS")) and for its Answer, Affirmative Defenses and Demand for Jury Trial sets forth the following in response to Plaintiff Complaint for Damages.

### I. JURISDICTION

1. The allegations of the preamble and paragraph 1 of the Complaint are denied.

2. The allegations of paragraph 2 of the Complaint as to venue in the Eastern District of Louisiana are not contested.

### II. PARTIES

3. The allegations contained in paragraph 3 (Plaintiffs) are denied for lack of sufficient information to justify a belief therein. Defendant demands strict proof of Plaintiffs' capacity to proceed. And further answering, the allegations contained in paragraph 3 (Defendants) of the Complaint are denied, except to admit the status and domicile of this Defendant.

## III.    FACTUAL ALLEGATIONS

4.    The allegations contained in paragraph 4 of the Complaint are denied.

5.    The allegations contained in paragraph 5 of the Complaint are denied.

6.    The allegations contained in paragraph 6 of the Complaint are denied.

7.    The allegations contained in paragraph 7 of the Complaint are denied.

8.    The allegations contained in paragraph 8 of the Complaint are denied.

9.    The allegations contained in paragraph 9 of the Complaint are denied.

10.    The allegations contained in paragraph 10 of the Complaint are denied.

11.    The allegations contained in paragraph 11 of the Complaint are denied.

12.    The allegations contained in paragraph 12 of the Complaint are denied.

13.    The allegations contained in paragraph 13 of the Complaint are denied.

14.    The allegations contained in paragraph 14 of the Complaint are not directed to this Defendant. To the extent a response is required, the allegations are denied.

15.    The allegations contained in paragraph 15 of the Complaint are not directed to this Defendant. To the extent a response is required, the allegations are denied.

16.    The allegations contained in paragraph 16 of the Complaint are not directed to this Defendant. To the extent a response is required, the allegations are denied.

17.    The allegations contained in paragraph 17 of the Complaint are not directed to this Defendant. To the extent a response is required, the allegations are denied.

18.    The allegations contained in paragraph 18 of the Complaint are not directed to this Defendant. To the extent a response is required, the allegations are denied.

19.    The allegations contained in paragraph 19 of the Complaint are not directed to this Defendant. To the extent a response is required, the allegations are denied.

20. The allegations contained in paragraph 20 of the Complaint are denied.

21. The allegations contained in paragraph 21 of the Complaint are denied.

22. The allegations contained in paragraph 22 of the Complaint are denied.

23. The allegations contained in paragraph 23 of the Complaint are not directed toward this Defendant.  In the event a response is required, the allegations of paragraph 23 are denied.

24. The allegations contained in paragraph 24 of the Complaint are denied.

25. The allegations contained in paragraph 25 of the Complaint are denied.

26. The allegations contained in paragraph 26 of the Complaint are not directed to this Defendant. To the extent a response is required, the allegations are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. The allegations contained in paragraph 30 of the Complaint are denied.

31. The allegations contained in paragraph 31 of the Complaint are denied.

32. The allegations contained in paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief therein. Defendant demands strict proof of plaintiffs' capacity to bring wrongful death and survival action claims, both individually and on behalf of Kentrell Hurst.

### IV.    SURVIVAL ACTION

33. Defendant repeats and re-alleges its responses to the allegations of paragraphs 1 through 32 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint are not directed to this Defendant. To the extent a response is required, the allegations are denied.

35. The allegations contained in paragraph 35 of the Complaint are a statement of law and are not directed to this Defendant. To the extent a response is required, the allegations are denied.

36. The allegations contained in paragraph 36 of the Complaint are denied.

37. The allegations contained in paragraph 37 of the Complaint are a statement of law and are not directed to this Defendant. To the extent a response is required, the allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are a statement of law and are not directed to this Defendant. To the extent a response is required, the allegations contained in paragraph 38 of the Complaint are denied.

39. The allegations contained in paragraph 39 of the Complaint are denied.

40. The allegations contained in paragraph 40 of the Complaint are denied.

## V. **WRONGFUL DEATH**

41. Defendant repeats and re-alleges its responses to the allegations of paragraphs 1 through 40 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint are not directed to this Defendant. To the extent a response is required, the allegations contained in paragraph 42 of the Complaint are denied.

43. The allegations contained in paragraph 43 of the Complaint are a statement of law and are not directed to this Defendant. To the extent a response is required, the allegations contained in paragraph 43 of the Complaint are denied. Further, Defendant demands strict proof that plaintiffs are the surviving children of decedent, Kentrell Hurst.

44. The allegations contained in paragraph 44 of the Complaint are denied.

45. The allegations contained in paragraph 45 of the Complaint are denied.

## VI. CAUSES OF ACTION

46. Defendant repeats and re-alleges its responses to the allegations of paragraphs 1 through 45 of the Complaint.

47. The allegations contained in paragraph 47 of the Complaint are denied.

48. The allegations contained in paragraph 48 of the Complaint are denied.

49. The allegations contained in paragraph 49 of the Complaint are denied.

50. The allegations contained in paragraph 50 of the Complaint are denied.

51. The allegations contained in paragraph 51 of the Complaint are denied.

52. The allegations contained in paragraph 52 of the Complaint are denied.

53. The allegations contained in paragraph 53 of the Complaint are denied.

54. The allegations contained in paragraph 54 of the Complaint are denied.

55. The allegations contained in paragraph 55 of the Complaint are denied.

56. The allegations contained in paragraph 56 of the Complaint are denied.

## VII. CAUSE OF ACTION – LOUISIANA LAW

57. Defendant repeats and re-alleges its responses to the allegations of paragraphs 1 through 56 of the Complaint.

58. The allegations contained in paragraph 58 of the Complaint are denied.

59. The allegations contained in paragraph 59 of the Complaint are denied.

60. The allegations contained in paragraph 60 of the Complaint are denied.

61. The allegations contained in paragraph 61 of the Complaint are denied.

62. The allegations contained in paragraph 62 of the Complaint are denied.

63. The allegations contained in paragraph 63 of the Complaint are denied.

## VIII.   DAMAGES (ALL DEFENDANT)

64. The allegations contained in paragraph 64 of the Complaint are denied.

65. The allegations contained in paragraph 65 of the Complaint are denied.

66. The allegations contained in paragraph 66 of the Complaint are denied.

## IX.   PRAYER FOR RELIEF

67. The allegations of Plaintiffs' prayer for relief are denied.

## AFFIRMATIVE DEFENSES

68. Plaintiffs have failed to state a claim upon which relief can be granted.

69. Any damage alleged by Plaintiffs was caused or contributed to by Plaintiffs, and/or decedent's fault or want of due care and any recovery should be precluded.

70. Any damage alleged by Plaintiffs was caused or contributed to by the fault, negligence or want of due care, breach of contract, express or implied, of other persons, businesses, entities, or corporations for whom this Defendant is not legally responsible.

71. In the alternative, if it is found that the damages complained of were caused or contributed to by the fault of this Defendant, which is specifically denied, Defendant pleads the comparative fault of Plaintiffs and/or decedent and/or other persons, businesses, entities, or corporations for whom Defendant is not legally responsible. Defendant is entitled to have any reward or recovery due Plaintiffs mitigated or reduced accordingly.

72. Defendant pleads all benefits and immunities afforded to it pursuant to La. R.S. 9:2798.1 for it or its employees' discretionary acts made within the course and scope of its duties.

73. Defendant pleads all benefits and immunities afforded to it pursuant to La. R.S. 13:5106, expressly including, but in no way limited to the statutory limitation of damages contained therein.

74. Defendant further pleads that if Plaintiffs are entitled to any recovery, which this Defendant specifically denies, the costs and interest awarded will be fixed pursuant to La. R.S. 13:5112.

75. Defendant further pleads that no claim is available to Plaintiffs, or decedent, for the alleged violation of Civil Rights of Plaintiff as all Policies, Procedures and Protocols put in place were appropriate.

76. Defendant further pleads all available defenses of sovereign, absolute, and/or qualified immunity under Louisiana or Federal law.

77. Plaintiffs and/or decedent have failed to mitigate any and all damages they claim are due and as a result any recovery shall be reduced or limited accordingly.

78. Plaintiff is not entitled to recover punitive damages or attorneys' fees.

79. Defendant had no involvement, interaction, or dealings with the OPSO in connection with the original consent judgment alleged by Plaintiff and did not provide services to the OPSO prior to November 1, 2014.

80. Defendant further pleads that it is entitled to all benefits of the Louisiana Medical Malpractice Act, La. R.S. 1231.1 et seq., specifically including, but not limited to, that statute's limitation of liability.

81. Defendant demands strict proof of Plaintiffs' capacity or standing to proceed.

82. This Defendant demands a trial by jury.

WHERFORE, Defendant, WellPath, LLC, (formerly known as Correct Care Solutions, LLC, ("CCS")) prays that its answer and affirmative defenses be deemed good and sufficient and that after due proceedings are had, there be judgment in its favor, dismissing all claims asserted by

Plaintiffs, with prejudice, at Plaintiffs' cost and for any and all other just and equitable relief. Defendant demands a trial by jury.

**Respectfully submitted,**

**FRILOT L.L.C.**

*S/ Carl E. Hellmers, III* _____
CARL E. HELLMERS, III (#25705)
VALERIE E. FONTENOT (#35129)
3700 Energy Centre
1100 Poydras Street
New Orleans, LA   70163-3700
Telephone:     (504) 599-8295
Facsimile:     (504) 599-8100
E-Mail:        vfontenot@frilot.com
**Attorneys for Defendant, WellPath, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 27th day of August 2019, I have filed a copy of the foregoing pleading with the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/S/ Carl E. Hellmers, III* _____